**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4180**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

BARRY TERRY,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
J. Frederick Motz, Senior District Judge.  (1:15-cr-00656-JFM-1)

Submitted:  December 28, 2017                    Decided:  February 27, 2018

Before WILKINSON and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William L. Welch, III, Baltimore, Maryland, for Appellant.  Stephen M. Schenning, Acting United States Attorney, Patricia McLane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Barry Terry of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2012). Deeming Terry an armed career criminal, the district court sentenced Terry to the statutory minimum term of 180 months' imprisonment. *See* 18 U.S.C. § 924(e) (2012). On appeal, Terry contends that: (1) 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him, (2) the district court erred in excluding a cell phone video and corresponding witness testimony of his arrest, (3) the district court's jury instructions denied him a fair trial, (4) sufficient evidence did not exist to convict him, and (5) applying the Armed Career Criminal Act's (ACCA) enhanced sentences to criminal defendants based on prior drug offense convictions is cruel and unusual punishment. We affirm.

Terry first asserts that § 922(g)(1) is unconstitutional as applied to him because it exceeds Congress' authority under the Commerce Clause in light of *United States v. Lopez*, 514 U.S. 549 (1995). We review constitutional claims de novo. *United States v. Dowell*, 771 F.3d 162, 167 (4th Cir. 2014). We have consistently rejected Terry's argument, *see United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001), and a panel of this court may not overrule the precedent set by a prior panel, *United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011).

Terry next contends that the district court violated his right to present a defense by excluding a cell phone video of his arrest and testimony from the person who recorded the video. We review preserved evidentiary rulings, including the district court's decision to exclude evidence on Fed. R. Evid. 403 grounds, for abuse of discretion.

2

*Huskey v. Ethicon, Inc.*, 848 F.3d 151, 159-60 (4th Cir.), *cert. denied*, 138 S. Ct. 107 (2017); *United States v. Davis*, 690 F.3d 226, 257 (4th Cir. 2012). "[E]rrors under Rule 403 are subject to the harmless error test: whether it is probable that the error could have affected the verdict reached by the particular jury in the particular circumstances of the trial." *United States v. Simpson*, 910 F.2d 154, 158 (4th Cir. 1990) (internal quotation marks omitted). However, unpreserved evidentiary errors are reviewed only for plain error. *United States v. Wilkerson*, 84 F.3d 692, 694-95 (4th Cir. 1996).

Terry opposed the Government's motion in limine to exclude the video and testimony. *See United States v. Ruhe*, 191 F.3d 376, 383 n.4 (4th Cir. 1999) (holding filing of motion in limine sufficiently preserves issue for appeal once court denies motion). But rather than explicitly ruling on the Government's motion, the district court told Terry he could present his sister as a witness, without mentioning the video or the recorder's testimony, and Terry did not renew an offer of proof. *See* Fed. R. Evid. 103(b) ("Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal."). Thus, it is unclear whether abuse of discretion or plain error review applies to Terry's claim.

We need not determine which standard applies, because Terry does not prevail even under the more favorable abuse of discretion review. While Terry contends that exclusion of the cell phone video and testimony violated his right to present a defense, "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 326

3

(2006). We conclude that the district court did not abuse its discretion in excluding the video and corresponding testimony, as the video shows only events after Terry disposed of the gun, and viewing Terry's arrest may have inflamed the jury against the Government's witnesses.[*] *See* Fed. R. Evid. 403. Further, any error is harmless due to the significant evidence of Terry's guilt. *See Simpson*, 910 F.2d at 158.

Terry further claims that the district court erred by (1) refusing to give his requested jury instruction on the definition of reasonable doubt, (2) giving an instruction on law enforcement techniques, and (3) giving the Government's, rather than his, requested instruction regarding "in or affecting commerce." We review challenges to jury instructions for abuse of discretion, determining "whether, taken as a whole, the instruction fairly states the controlling law." *United States v. Moye*, 454 F.3d 390, 398 (4th Cir. 2006) (en banc). A trial "court abuses its discretion when it makes an error of law." *Id.* (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in refusing to define reasonable doubt. *United States v. Hornsby*, 666 F.3d 296, 310-11 (4th Cir. 2012) ("[D]istrict court[s] [are] not required to define reasonable doubt to the jury so long as the jury was instructed that the defendant's guilt must be proven beyond a reasonable doubt. . . ."). We also conclude that Terry fails to show that the law enforcement techniques instruction was improper, as his vague claim that it was not generated by the evidence

---

[*] While the district court did not specifically rule on the issue of the cell phone video and corresponding testimony, both parties argued the admissibility of the evidence on relevancy and Fed. R. Evid. 403 grounds.

does not address the district court's reasoning that Terry's cross-examination of the Government's latent print expert gave rise to the instruction. Further, the court's instruction on "in or affecting commerce" was proper because it correctly stated the controlling law. *See Gallimore*, 247 F.3d at 138.

Terry also contends that the evidence was insufficient to convict him because it did not show that he possessed a firearm or ammunition or that he caused the firearm to affect interstate commerce. We review the denial of a Fed. R. Crim. P. 29 motion and other "challenge[s] to the sufficiency of the evidence de novo." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when "viewed in the light most favorable to the government." *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "Determinations of credibility lie within the sole province of the fact finder." *United States v. Palin*, 874 F.3d 418, 424 (4th Cir. 2017). Thus, "reversal for insufficiency must be confined to cases where the prosecution's failure is clear." *Palomino-Coronado*, 805 F.3d at 130 (internal quotation marks omitted). To convict a defendant under 18 U.S.C. § 922(g)(1), the Government must establish that: (1) the defendant was a felon; (2) he voluntarily and intentionally possessed a firearm; and (3) the firearm had traveled in interstate commerce. *Gallimore*, 247 F.3d at 136. Our review of the trial transcript convinces us that the evidence was clearly sufficient to sustain the jury's verdict.

Finally, Terry argues that the ACCA's mandatory minimum sentence, as applied to defendants with predicate drug offense convictions, constitutes cruel and unusual punishment by imposing disproportionate punishment, in violation of the Eighth Amendment. "We review de novo . . . whether a sentence is proportional under the Eighth Amendment." *Dowell*, 771 F.3d at 167. The Eighth Amendment prohibits cruel and unusual punishment, which includes both "inherently barbaric" punishment and punishment that "is disproportionate to the crime for which it is imposed." *United States v. Cobler*, 748 F.3d 570, 575 (4th Cir. 2014). A defendant can raise two kinds of Eighth Amendment challenges to his sentence: an as-applied challenge based on all the circumstances in his case, and a categorical challenge challenging an entire class of sentences. *Id.* "[C]ategorical challenges to whole classes of prison sentences . . . have had very limited success in the Supreme Court," as "the only two contexts in which the Supreme Court categorically has deemed sentences unconstitutionally disproportionate" have involved death sentences or "life imprisonment without parole for . . . juvenile offender[s]." *Id.* at 577, 580-81.

We conclude that Terry fails to make a showing of categorical disproportionality, as Terry was not sentenced to death or life without parole as a juvenile offender. *See id.* at 580-81. We have also held that "a fifteen-year sentence under ACCA is neither disproportionate to the offense nor cruel and unusual punishment, and thus does not violate the Eighth Amendment." *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995), *abrogated on other grounds by Johnson v. United States*, 559 U.S. 133 (2010). Further, the Supreme Court has recognized that "[s]evere, mandatory penalties may be cruel, but

they are not unusual in the constitutional sense." *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*